# Commonwealth *v.* Hamer, Appellant.

*Criminal law—Forgery—Uttering forged note—Evidence—Sufficiency—Knowledge of forgery—Charge of Court.*

On the trial of an indictment for making and uttering a forged promissory note the evidence was that in order to secure a loan defendant said he would procure a second signature on his note. The

person whose name appeared with that of defendant on the instrument directly and positively denied the signature and any knowledge of the transaction. He showed differences between his handwriting and the signature in question. Defendant offered no testimony.

Such evidence, in the absence of contradiction, is sufficient to sustain a conviction of forgery.

Where one undertakes to procure a signature as security, and later delivers a note bearing a forged signature, the conclusion follows, in the absence of contradictory evidence, that he knew the note did not bear the signature of the proposed surety.

Submitted December 14, 1927. Appeal No. 1489, April T., 1928, by defendant from judgment and sentence of the court of Q. S., Cambria County, No. 212, June Sessions, 1927, in the case of Commonwealth of Pennsylvania v. Philip W. Hamer. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for forgery and fraudulently uttering a forged instrument. Before EVANS, P. J.

The opinion of the Superior Court states the facts.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Error assigned,* among others, was insufficiency of the evidence.

*Percy Allen Rose,* for appellant.—The evidence was insufficient to warrant conviction: Commonwealth v. Exler, 61 Pa. Superior Ct. 423; Commonwealth v. Bone, 64 Pa. Superior Ct. 44; Commonwealth v. Brown, 66 Pa. Superior Ct. 519. The court failed to charge knowledge of forgery: Commonwealth v. Hall, 23 Pa. Superior Ct. 104; Commonwealth v. Wyoda, 44 Pa. Superior Ct. 552; Commonwealth v. Cauffiel, 79 Pa. Superior Ct. 596.

No paper-book and no appearance for appellee:

OPINION BY HENDERSON, J., March 2, 1928:

The defendant was indicted for the forgery of a judgment promissory note for $2,500, dated September 25, 1924, payable to Anna Trabold, and a second count charged him with uttering the same obligation. The defendant had applied to Mrs. Trabold for a loan which she offered to make if he would give a note with a responsible surety. He named his uncle, Isaiah Hamer, as a person of financial responsibility who would sign the note with him. Soon thereafter, he presented the note to Mrs. Trabold bearing a signature purporting to be that of the said Isaiah Hamer. When demand was made on the latter for payment of the note, he denied that he had signed it or had been consulted with respect thereto, whereupon this prosecution was instituted. No evidence was offered in behalf of the defendant, but binding instruction in his favor was asked which the court refused. A conviction was had on both counts of the indictment. Sentence was imposed on the first count for forgery and was suspended on the second count. The propositions presented on the appeal are, first, that there was not sufficient evidence of forgery to sustain a conviction, and second, that the court omitted to charge the jury that before a conviction could be had on the second count, they must find that the defendant knew that the instrument was forged when he uttered it. Neither of these positions is sustainable on the facts disclosed in the case. Isaiah Hamer was called as a witness and he repeatedly denied that the signature on the note was his. In reply to a question, he stated that the signature resembled his writing, but he called attention to two of the letters in the signature which he said were not like those he made in signing his name. He was emphatic also in stating that he never had been consulted with respect to the note and had no knowledge of it. He had signed another note as bail for the defendant sometime

before with respect to which he testified freely and promptly, but his denial of the signature on the note described in the indictment was direct and positive. As there was nothing of a contradictory character developed in the case, it was the duty of the court to submit the question of the defendant's guilt to the jury. The question for their consideration was a very simple one and the verdict rendered was responsive to the case presented by the Commonwealth.

If the defendant undertook to procure the signature of Isaiah Hamer as security to Mrs. Trabold and soon thereafter delivered to her the note in question bearing a forged signature of Isaiah Hamer, the conclusion would follow, in the absence of any contradiction, that the defendant knew the note did not bear the signature of the proposed surety. That conclusion would occur to every juror without instruction, and the omission to give special instruction was therefore not such oversight as was prejudicial to the defendant. Moreover, request was made by the court whether further instruction was desired, to which no response was given. Complaint cannot now be sustained therefore that the charge of the court was inadequate. It is to be noticed too that sentence was suspended with respect to the conviction on the second count. The appellant has therefore no ground of complaint with respect to the charge of uttering. The verdict was founded on sufficient evidence and should therefore be sustained.

The assignments are overruled and the judgment affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.